# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ANTHONY CASTRO, <br><br> Defendant. | Nos. CR 03-4019-MWB <br> C 04-4105-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

_____

**TABLE OF CONTENTS**

*I. BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . . . . 4
    *B. Waiver Of Grounds* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    *C. The "*Blakely/Booker *Error"* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    *D. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

This matter comes before the court pursuant to defendant Anthony Castro's October 14, 2004, Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 52). In his § 2255 Motion, Castro asserts, *inter*

*alia*, that he was wrongfully denied the benefit of the application of the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), because at his sentencing before those decisions were handed down, the sentencing judge (the undersigned) imposed sentencing enhancements based on determinations of facts that were not found by a jury beyond a reasonable doubt nor admitted by Castro. The government denies that Castro is entitled to any relief on this claim.

## *I. BACKGROUND*

Defendant Anthony Castro was the sole defendant charged in a single-count Indictment filed February 20, 2003 (docket no. 1). Castro was charged with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Castro entered a plea of not guilty to the charge at an arraignment on March 26, 2003, and his case was set for jury trial on June 2, 2003. The jury trial was subsequently continued to July 7, 2003, but by order dated June 26, 2003 (docket no. 18), this case was set for entry of a plea and the jury trial was stricken. In anticipation of Castro's guilty plea, by order dated June 27, 2003 (docket no. 19), the court set Castro's sentencing for September 23, 2003. The sentencing was subsequently continued to October 1, 2003. On June 30, 2003, Castro filed both a notice of consent to entry of guilty plea (docket no. 21) and a consent to preparation and inspection of pre-sentence report (docket no. 22).

Castro pleaded guilty to the charge against him before United States Magistrate Judge, now Chief United States Magistrate Judge, Paul A. Zoss on June 30, 2003, and Judge Zoss filed a Report and Recommendation Concerning Plea Of Guilty (docket no. 23) that day recommending that the court accept Castro's guilty plea. The undersigned entered

2

Case 5:03-cr-04019-MWB   Document 57   Filed 04/27/07   Page 2 of 11

an order on July 18, 2003 (docket no. 24), accepting Castro's guilty plea, and on October 1, 2003, after a contested sentencing hearing, the court sentenced Castro to 220 months of incarceration.  *See* Minutes of Hearing October 1, 2003 (docket nos. 26 & 27); Judgment (docket no. 33).

On October 3, 2003, Castro filed a Motion To Reconsider (docket no. 28), seeking reconsideration of his sentence, owing to the effects of certain medication he was taking at the time of his sentencing and his realization that he had been sentenced, at least in part, on the basis of his past criminal conduct.  By order dated October 13, 2003 (docket no. 32), however, the court denied that motion for lack of jurisdiction to make a substantive modification to Castro's sentence.  Castro did not appeal his conviction or sentence. Castro has since been confined at the United States Penitentiary in Leavenworth, Kansas.

On March 3, 2004, Castro filed a *pro se* Application To Proceed In Forma Pauperis (docket no. 42), which the court interpreted as a request for copies of his plea and sentencing transcripts at court expense.  The court granted Castro's motion as interpreted by order dated March 4, 2004 (docket no. 43).  At some point, Castro requested appointment of counsel to represent him in a challenge to his sentence pursuant to 28 U.S.C. § 2255, and that request was granted by order dated April 6, 2004 (docket no. 46).

On October 14, 2004, Castro's counsel filed on his behalf a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 52), signed by both Castro and his counsel, asserting eight grounds for relief.  In an initial review order dated February 5, 2007 (docket no. 53), the court determined that it did not plainly appear from the face of Castro's § 2255 Motion that Castro was not entitled to any relief, so that summary dismissal was not appropriate. Therefore, the court ordered Castro to file a brief in support of each of the grounds raised in his motion on or before March 2, 2007, ordered the government to respond by April 2,

3

2007, and granted Castro until April 20, 2007, to file any reply. The parties submitted the required briefs, and this matter is now fully submitted.

## *II. LEGAL ANALYSIS*
### *A. Standards For Relief Pursuant To § 2255*

Section 2255 of Title 28 of the United States Code provides for post-conviction relief for federal prisoners, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage

4

of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

5

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Castro's § 2255 Motion.

### *B. Waiver Of Grounds*

Despite the court's direction that Castro must "file a brief in support of each of the grounds raised in his motion," *see* Order of February 5, 2007 (docket no. 53), Castro's brief addresses only one of the numerous issues that he raised in his § 2255 Motion, his contention that he was wrongfully denied the benefit of the application of the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), because the sentencing judge (the undersigned) imposed sentencing enhancements based on determinations of facts that were not found by a jury beyond a reasonable doubt nor admitted by Castro. Indeed, Castro makes no reference whatsoever in his brief to any of the other grounds asserted in his original § 2255 Motion. In its Response, the government notes that Castro did not address in his brief any grounds listed in his § 2255 Motion other than the *Blakely/Booker* issue, so that the government, likewise, addresses only that issue, but offers to address any other grounds if the court

6

wishes. In his Reply, Castro again makes no mention of any ground for relief other than the *Blakely/Booker* issue addressed in his initial brief.

Under the circumstances presented here, the court finds that Castro has knowingly and intentionally waived any grounds for relief stated in his original § 2255 Motion other than the *Blakely/Booker* issue by failing to brief those other grounds for relief after a specific direction from the court, in the February 5, 2007, order (docket no. 53), to file a brief in support of each of the grounds raised in his § 2255 Motion. This conclusion is in accord with the decisions of numerous courts, including the Eighth Circuit Court of Appeals, in criminal and habeas cases, that a party waives an issue for post-trial relief by failing to brief that issue or failing to do so adequately. *See, e.g., Sweet v. Delo,* 125 F.3d 1144, 1159 (8th Cir. 1997) (a habeas petitioner "waived [a] claim by failing to argue it with any specificity whatsoever"), *cert. denied sub nom. Sweet v. Bowersox,* 523 U.S. 1010 (1998); *United States v. Bonilla-Mungia,* 422 F.3d 316, 319 & n. 1 (5th Cir. 2005) (citing cases from the Fifth Circuit and other circuits in which the court held that the government had waived an argument by failing to brief it post-trial); *see also Salazar-Regino v. Trominski,* 415 F.3d 436, 452 (5th Cir. 2005) (habeas petitioners waived an issue by failing to brief it adequately, where their entire argument consisted of a case citation, without explanation of how the cited decision should apply to their case, and they failed to mention that the opinion they cited had been overruled); *Ramirez v. Debs-Elias,* 407 F.3d 444, 447 & n. 3 (1st Cir. 2005) (to avoid waiver, a party must brief an issue in more than a "perfunctory manner," citing *United States v. Bongiorno,* 106 F.3d 1027, 1034 (1st Cir. 1997)). Because the court finds that Castro has waived all other grounds for § 2255 relief, the court will only consider on the merits Castro's assertion of a *Blakely/Booker* error.

### *C. The "*Blakely/Booker *Error"*

As noted above, Castro asserts that he was wrongfully denied the benefit of the application of the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), which were handed down subsequent to his sentencing, because the sentencing judge (the undersigned) imposed sentencing enhancements based on determinations of facts that were not found by a jury beyond a reasonable doubt nor admitted by Castro. This argument is apparently a contention that Castro's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255 (stating this and other grounds for relief); *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States.").

Every federal court of appeals, including the Eighth Circuit Court of Appeals, to consider the issue, however, has held that *Booker* and/or *Blakely* do not apply retroactively to cases on collateral review. *See Lefkowitz v. United States*, 446 F.3d 788, 791 (8th Cir. 2006) (*Booker*); *United States v. Hernandez*, 436 F.3d 851, 855 (8th Cir.) (*Blakely* and *Booker*), *cert. denied*, 126 S. Ct. 2341 (2006); *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005) (*per curiam*) (*Blakely* and *Booker*); *see also In re Zambrano*, 433 F.3d 886, 889 (D.C. Cir. 2006) (*Booker*); *United States v. Gentry*, 432 F.3d 600, 606 (5th Cir. 2005) (*Booker*); *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005) (*Booker*), *cert. denied*, 127 S. Ct. 121 (2006); *Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005) (*Blakely*); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005) (*Booker*); *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (*Booker*); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3rd Cir. 2005) (*Blakely* and *Booker*); *Guzman v. United States*, 404 F.3d 139, 143-44 (2d Cir. 2005) (*Booker*); *In re Olopade*, 403 F.3d 159, 164 (3rd Cir. 2005) (*Booker*); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir.

8

2005) (*Blakely* and *Booker*); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005) (*Blakely* and *Booker*); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) (*Booker*); *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005) (*Booker*); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (*Blakely* and *Booker*); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (*Booker*); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (*Blakely* and *Booker*). Because this case was not pending on direct review when either *Blakely* or *Booker* was decided, the holdings in *Blakely* and *Booker* are unavailable as the bases to attack Castro's sentence here. Therefore, Castro's § 2255 Motion will be denied.

### D. Certificate Of Appealability

Denial of Castro's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for all or any of his claims therein. Whether or not a certificate of appealability should issue is controlled by 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998);

9

*Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In light of the overwhelming authority cited above that neither *Blakely* nor *Booker* is retroactive, the court finds that Castro has not made a substantial showing of the denial of a constitutional right on his *Blakely/Booker* claim, 28 U.S.C. § 2253(c)(2), because there is no showing that reasonable jurists would find this court's assessment of Castro's *Blakely/Booker* claim debatable or wrong. *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569. Similarly, because Castro failed to brief any other ground for relief, despite the court's direction to do so, the court concludes that Castro has not made a substantial showing of the denial of a constitutional right on any of those claims, either, because Castro cannot show that the issues raised in those claims are debatable among reasonable jurists, that any court would resolve those issues differently, or that those issues deserve further proceedings. *Cox*, 133 F.3d at 569. Therefore, Castro does not make the requisite showing to satisfy § 2253(c) on any of his grounds for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

### *III. CONCLUSION*

Defendant Anthony Castro's October 14, 2004, Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 52) is **denied in its entirety**, and this matter is **dismissed in its entirety**. Moreover, the court determines that Castro has not made "a substantial showing of the denial of a constitutional right" as to any ground for relief asserted in his § 2255 Motion. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, a certificate of appealability will not issue for any claim in this case.

**IT IS SO ORDERED.**

**DATED** this 27th day of April, 2007.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA